The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Margaret Morgan and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At all relevant times, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant and the plaintiff.
3. The defendant was a duly-qualified self-insured with Constitution State Servicing Company as its servicing agent.
4. The plaintiff's average weekly wage with the defendant was $238.28.
5. The plaintiff, age 42, was employed with the defendant from 14 December 1989 to 14 February 1992 as a "seamer," sewing the toe in socks. She worked eight hours a day, usually five days a week. She generally sewed approximately three thousand socks per shift, usually working with cotton/polyester/nylon blend socks, but also with all cotton socks and nylon socks. After the plaintiff would finish sewing a pair of socks, the shavings, small pieces of fabric cut off of the toe, were put in a bin at the end of her sewing machine. The bin had a piece of gauze on the top, and occasionally she was required to lift up the gauze and push down the shavings.
6. Around September 1990, after working at this job for at least nine months, the plaintiff began experiencing headaches, burning nose and a difficulty in her throat when sewing certain types of socks. Also at that time, she began to have the same symptoms when she was around other inhalants such as strong odors, perfumes, cleaning products, dust and ragweed. She had the same symptoms at home and at work, and once they began in September 1990, she had a constant headache. The symptoms were worse around certain things and when she sewed certain socks.
7. The plaintiff was out of work from April 1991 until around July 1991 for foot surgery. While she was out, her symptoms did not improve. The symptoms continued after she ceased her employment with the defendant in February 1992.
8. The plaintiff began treating with Dr. K. Frank McCain, a board certified allergist, in September 1991. He last saw her in January 1997. He diagnosed her as suffering from allergic rhinitis, recurrent sinus congestion, recurrent cough and dermatitis. The plaintiff has airborne allergies affecting primarily the upper nasal airway. Dr. McCain stated that she is able to work, but needs to avoid irritants such as dust, lint, dye, odors.
9. The plaintiff claims that her employment with the defendant caused her rhinitis, headaches, breathing difficulties and related problems.
10. The plaintiff had previously treated with Dr. McCain from 1979 to 1981 for certain allergies, including food allergies, dermatitis and possible allergies to grass and ragweed.
11. There was no raw cotton in the defendant's plant in which the plaintiff worked. The plant was cleaned regularly, but there was some dust and lint on the machines; there were no large build-ups of dust and lint in the plant. Some black dust hung out of the heating and air conditioning vents at times. Large fibers of dust hung in the air in the plaintiff's work area.
12. The plant was tested periodically for cotton dust and the content of cotton dust within the plant was well below OSHA guidelines, such that the plant was not required to comply with OSHA guidelines for cotton dust.
13. No other plant employees complained about allergic type reactions to the dust and lint within the plant during the period of time the plaintiff worked there.
14. The plaintiff has failed to establish that her employment with the defendant significantly contributed to, or was a significant causal factor, in the development of her rhinitis and other related problems. Her job did expose her to certain irritants that would have aggravated her rhinitis.
15. However, while the plaintiff's employment with the defendant did expose her to more irritants than a similar person working elsewhere, there was no evidence that the plaintiff's employment with the defendant placed her at a greater risk of contracting rhinitis and the related problems than members of the general public not so employed.
16. The plaintiff has not proven that she developed an occupational disease which was due to causes and conditions characteristic of and peculiar to her employment with the defendant and which excluded all ordinary diseases of life to which the general public was equally exposed.
******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff has not proven that she developed an occupational disease which was due to causes and conditions characteristic of and peculiar to her employment with the defendant and which excluded all ordinary diseases of life to which the general public was equally exposed. N.C.G.S. § 97-53 (13); Booker v. Medical Center, 297 N.C. 458,256 S.E.2d 189 (1979).
2. The plaintiff is, therefore, not entitled to benefits pursuant to the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2 et seq.
******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. The plaintiff claim, under the law, must be, and is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of October 1997.
 S/ ___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________________ THERESA STEPHENSON DEPUTY COMMISSIONER
LKM/bjp